## R. W. PHILLIPS *v.* J. Y. COOPER.

REPLEVIN. *Defendant's bond. Costs.*

Under Code 1871, c. 16, sureties upon the bond of an unsuccessful defendant in replevin, who retains the property, are subject to costs, and it appears that his surrender thereof does not affect their liability.

ERROR to the Circuit Court of Noxubee County.

Hon. JAMES M. ARNOLD, Judge.

A surety on the defendant's bond in replevin, conditioned according to the statute (Code 1871, c. 16, § 1530), after judgment for the property, or its value and costs, paid the assessed value of the property, and sued out this writ of error to operate as a supersedeas of the judgment as to costs.

*L. Brame*, for the plaintiff in error.

This bond, which is conditioned, in accordance with Code 1871, § 1530, only for the forthcoming of the property, imposes on the surety no liability for costs. Judgment for damages can be entered thereon, as held in *Dent* v. *Ross*, 52 Miss. 188, because § 1533 so provides, and the plaintiff's sureties are subject to costs, as authorized in § 1530, but neither the statute prescribing the bond nor that relating to the judgment, requires the defendant to secure the expenses of the suit.

Presuming his possession rightful, the law regards him as owner. In order to avoid expense, the statute encourages either party to bond the property, and if the defendant does so he becomes a bailee. The property may be valuable to the defendant as a means of support or otherwise, and if compelled to secure costs he may be unable to provide sureties. A bond does not increase the expense by enabling the defendant to litigate. He can do that without one, and if no bond is given the costs are likely to be greater. But if the contrary is true, it imposes no liability on the surety, who can stand strictly upon the terms of his obligation. Brandt on Suretyship, § 79.

*Foote & Foote*, on the same side.

No counsel for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

Even if it were true that the sureties in a bond given by the defendant in an action of replevin, under Code 1871, § 1530, were not liable for the costs of the action when the plaintiff recovered and the property in controversy was surrendered to him, it is declared by § 1535, " if the property be in possession of the losing party, the execution shall command the sheriff to take the property in controversy, if the same may be had, and deliver the same to the successful party, and if not to be had, that he make the value thereof, together with the damages and costs, of the goods and chattels, lands and tenements, of the party and *his sureties* against whom the judgment is rendered," and this would make the surety liable for costs in this case, as the property in controversy was not surrendered. But we are satisfied from a careful consideration of the several sections of the chapter in connection with the last clause of § 1535, that the bond of a defendant in replevin is a security for costs. The language of that clause is, " or the successful party may have his *distringas* to compel the delivery of the property, together with a *fieri facias* for the damages and costs." This entitles a successful plaintiff to a *fieri facias* for damages and costs. It is very clear that the *fieri facias* would be against the sureties on the defendant's bond for such damages as were assessed by the jury, and the statute contemplates that the costs shall be included in the

execution against them.   It is true that the bond of a defend-
ant in replevin is not conditioned for costs, and that the judg-
ment directed to be given against an unsuccessful defendant
holding the possession of the property and his sureties does
not in terms embrace costs, and is to be for the property and
the damages assessed.   It is also true that the judgment di-
rected to be given against a plaintiff who has the possession
of the property is silent as to costs.   § 1534.   But it is plain
that the sureties on the bond of the plaintiff in such case are
liable to a judgment for costs.   So, upon a view of the several
sections of the law, it appears to us that the sureties of the
defendant are liable for costs when a recovery is had against
him.                                        *Judgment affirmed.*